IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAX VILLAREAL, §<br>TDCJ No. 2321851, §<br>§<br>Petitioner, §<br>§<br>V. §<br>§<br>DIRECTOR, TDCJ-CID, §<br>§<br>Respondent. § | No. 3:20-cv-3737-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Max Villareal, a Texas prisoner, incarcerated in the Texas Department of Criminal Justice's (TDCJ) Lopez State Jail, a prison in Hidalgo County, within the McAllen Division of the Southern District of Texas, *see* 28 U.S.C. § 124(b)(7), at the time of filing, has submitted a filing construed as an application for writ of habeas corpus under 28 U.S.C. § 2254, which appears to challenge the execution of his current state sentence, a 5-year term for robbery, pursuant to a judgment out of Bexar County, within the San Antonio Division of the Western District of Texas, *see* 28 U.S.C. § 124(d)(4), insofar as Villareal alleges that he has violated his federal probation and that a federal sentence related to that violation should be running concurrent with his state sentence, *see* Dkt. No. 3 at 1 ("I have a violation on federal probation and I am writing on federal to arrange chain, because I have not gone to court on detainer, and do not know if my time is counting as I am here in TDC[J]."); *see also United States v. Villareal*, No. 2:14-cr-00144-AM, Dkt. No. 58 (W.D. Tex. Sept. 9, 2014) (judgment committing Villareal to federal custody for a

term of 27 months to be followed by three years of supervised release after his being convicted of conspiracy to transport illegal aliens).

Chief Judge Barbara M. G. Lynn has referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994).

These filing requirements are jurisdictional. *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966). And, given that Villareal's state criminal judgment was not entered by a state court within this federal district and that, at the time he filed this construed Section 2254 case, he was not incarcerated in this district, the Court lacks jurisdiction over this case.

Further, to the extent that Villareal challenges an aspect of his 2014 federal conviction and sentence, under 28 U.S.C. §§ 2241 or 2255, or seeks to challenge a detainer related to a violation of his related federal supervised release, under the Interstate Agreement on Detainers Act (the IADA), 18 U.S.C. app. 2, "a congressionally-sanctioned compact between the federal government and the states,"

which "creates uniform and cooperative procedures to be used for lodging and executing a detainer when one state seeks to obtain temporary custody of and prosecute a prisoner in another state or federal facility," *Chauhan v. Jones*, No. 4:16-cv-525-A, 2017 WL 6314143, at *2 (N.D. Tex. Dec. 8, 2017) (citing *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001)),[1] none of those challenges would be proper in this district as Villareal is not in custody in this district and his federal criminal judgment is out of the Del Rio Division of the Western District of Texas.

In sum, because the Court lacks jurisdiction over any plausible claims raised by the *pro se* filing Villareal submitted in this district, the Court should dismiss this case without prejudice. *Cf. Dailey v. Bogelgesang*, No. 6:07cv24, 2007 WL 1257102, at *3 (E.D. Tex. Apr. 30, 2007) ("While Dailey thus brings two separate claims in the present case – one concerning the validity of the revocation of his state parole, and one concerning the execution of his federal sentence – it is apparent that this Court, the Eastern District of Texas, lacks jurisdiction to hear either of these contentions. Consequently, Dailey's petition should be dismissed without prejudice for want of jurisdiction.").

**Recommendation**

The Court should dismiss this case without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on

---

[1] *See also Williams v. Wetzel*, No. 3:17-cv-1730, 2018 WL 1095568, at *2 (M.D. Pa. Feb. 28, 2018) ("The IADA is a compact between forty-eight states, the federal government, and the District of Columbia (Mississippi and Louisiana are not parties to the agreement)." (citation omitted)).

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 4, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE